```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**TYRIS EASLEY,**

                    **Plaintiff,**

        **v.**                                    **CASE NO. 11-3182-SAC**

**R.A. BYRD,**

                    **Defendant.**

## O R D E R

This matter comes before the court on a form pleading for seeking relief under the Federal Tort Claims Act (FTCA), submitted pro se by a prisoner incarcerated in the United States Penitentiary at Leavenworth, Kansas. Also before the court is plaintiff's motion for leave to proceed in form pauperis.

Having reviewed plaintiff's complaint, the court grants plaintiff provisional leave to proceed in forma pauperis subject to plaintiff addressing the following preliminary matters.

*Nature of Suit*

Plaintiff is seeking damages related to a prison disciplinary action. Plaintiff claims the incident report was false and malicious, claims no evidence supported the disciplinary hearing officer's decision, and claims error to impose a sanction on a previously suspended discipline. Because plaintiff is seeking damages from the disciplinary hearing officer rather than the United States, and because plaintiff alleges violations of his constitutional right to due process in the disciplinary proceeding, the court finds the pro se pleading should be liberally construed as

a *Bivens*[1] action rather than as titled in the form FTCA complaint plaintiff used.

*Exhaustion of Administrative Remedies*

Whether proceeding under FTCA or *Bivens*, plaintiff must exhaust available administrative remedies prior to seeking relief in federal court on claims related to the conditions of his confinement. 42 U.S.C. § 1997e(a). While the failure to fully and properly exhaust administrative remedies is generally an affirmative defense and a plaintiff is not required to plead it in the complaint, when that failure is clear from materials filed by plaintiff, the complaint is subject to sua sponte dismissal for failing to state a claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b). See *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir.2007).

In the present case, plaintiff states he exhausted administrative remedies only through the regional level, and acknowledges the regional office denied his appeal due to incomplete information. Because it is apparent on the face of the complaint that plaintiff has not pursued his appeal through all administrative levels including the national office, the complaint is subject to dismissal without prejudice.

*Claim for Relief is Premature*

Plaintiff's allegations necessarily implicate the validity of the challenged disciplinary proceeding involving the loss of earned good time claim. Thus under *Heck v. Humphrey*, 512 U.S. 477, 486-87

---

[1] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

(1994) and its progeny, plaintiff's claim for damages is bared and premature until plaintiff can demonstrate the challenged disciplinary adjudication has been reversed, vacated, or otherwise set aside.  See *Edwards v. Balisok*, 520 U.S. 641 (1997)(*Heck* applies to prison discipline involving the loss of good time credits); *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir.1996)(*Heck* applies to *Bivens* claims). The instant complaint is thus subject to being summarily dismissed absent such a showing.

*Proper Venue*

The court also notes that plaintiff's complaint alleges misconduct by a prison disciplinary hearing officer in a federal correctional facility in California, and names that officer as the sole defendant.  The District of Kansas is thus an improper venue for plaintiff's action, 28 U.S.C. § 1391(b), and this court has no personal jurisdiction over the named defendant.  If the complaint is not voluntarily dismissed by plaintiff or is not summarily dismissed by the court for the reasons stated herein, the court will then review whether the case should be dismissed for improper venue or transferred to a proper venue.  *See* 28 U.S.C. § 1406(a)(a case filed in the wrong district should be dismissed unless the interests of justice require a transfer).

**Notice and Show Cause Order to Plaintiff**

For the reasons stated hereinabove, plaintiff is granted an opportunity to voluntarily dismiss his complaint, or to show cause why the complaint should not be construed as a *Bivens* action and

summarily dismissed without prejudice.[2] The failure to file a timely response may result in the complaint being dismissed without further prior notice.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is provisionally granted, subject to further court order.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to voluntarily dismiss the complaint, or to show cause why this action should not be construed as a *Bivens* action and summarily dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED: This 8th day of February 2012 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[2] Plaintiff's motion for leave to proceed in form pauperis is provisionally granted, subject to the court proceeding to assess an initial partial filing fee, 28 U.S.C. § 1915(b)(1), and order automatic payment of the remainder of the $350.00 district court filing fee, 28 U.S.C. § 1915(b)(2), if the complaint is not voluntarily dismissed.